IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMBER COBERT, individually §<br>and on behalf of all others similarly situated, §<br>    Plaintiff, §<br>§<br>§<br>v. §<br>§<br>STELLAR RECOVERY, INC. §<br>    Defendant. §| Civil Action No. 4:16-cv-3651 |

## ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Amber Cobert (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes this action in accordance with, and to remedy violations by, Defendant Stellar Recovery, Inc. of the Fair Debt Collection Practices Act, 15 U.S.C.A. 1692 *et seq.* (hereinafter "FDCPA"); and the Texas Debt Collection Practices Act, TEX. FIN. CODE § 392.001 *et seq*. (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant Stellar Recovery, Inc. from its unlawful conduct.

### I.  PARTIES

1.      Plaintiff Amber Cobert is a natural person who resides in Harris County, Texas and is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) and TEX. FIN. CODE § 392.001(1).

2.      Stellar Recovery, Inc. (hereinafter referred to as "Defendant") is a Montana corporation registered with the Texas Secretary of State which operates as a collection agency, and it is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 1845 Highway 93 South, Suite 310, Kalispell, MT

59901.  Stellar Recovery, Inc. may be served by serving its registered agent for process, Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, TX 78701.

3.      All conditions precedent to the Plaintiff proceeding with this lawsuit have occurred.

## II.  JURISDICTION AND VENUE

4.      Plaintiff alleges a Texas class, which will result in all class members belonging to a state different than the state in which the Defendant RMC is deemed to reside.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C.A. § 1332(d)(2).

5.      Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6.      Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District by and through the collection of consumer debts in this State and District; (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because the Plaintiff has resided in this District at all times relevant to these claims.

## III.  THE FAIR DEBT COLLECTION PRACTICES ACT, ("FDCPA"), 15 U.S.C. § 1692 *et. seq*.

7.      In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices

by debt collectors . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted). "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

### IV.  FACTS RELATED SPECIFICALLY TO NAMED PLAINTIFF AMBER COBERT

8. On or before December 18, 2015 an obligation (the "Debt") was allegedly incurred by Plaintiff to the original creditor, COMCAST ("Creditor").

9. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and TEX. FIN. CODE § 392.001(2).

10. Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

11. On or before December 18, 2015 the Debt was assigned to, purchased by, or transferred to Defendant for collection, or Defendant was employed by Creditor to collect the Debt.

12. Defendant meets the definition of a "debt collector" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

13. Defendant contends that the Debt is in default.

14. On or about December 18, 2015 Defendant sent Plaintiff a collection letter in an attempt to collect the Debt. *See* **Exhibit A.**

15. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

17. The December 18, 2015 letter to the Plaintiff stated in part:

> "If you choose to pay the amount due by credit/debit card or by check over telephone, you may be charged a $9.50 convenience fee where permitted by law."

18. Upon information and belief, the Defendant has no legal or contractual right to charge a convenience fee.

19. By charging a convenience fee, the Defendant caused the Plaintiff a risk of real harm, in that the Plaintiff would be paying the Defendant a fee which Defendant is not legally entitled to charge.

## V. CLASS ALLEGATIONS

20. This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

   a. FDCPA Class: All consumers with an address in the state of Texas who received a collection letter from the Defendant attempting to collect a debt or alleged debt that charged a convenience fee for all credit/debit card or checks over the telephone, which letter was mailed at any time from December 13, 2015 to the present.

   b. TDCA Class: All consumers with an address in the state of Texas who received a collection letter from the Defendant attempting to collect a debt or alleged debt that charged a convenience fee for all credit/debit card or checks over the telephone, which letter was mailed at any time from December 13, 2014 to the present.

   Excluded from each of the above Classes are all employees, including, but not limited to, Judges, clerks and court staff and personnel, of the United States District

Court, their spouses, and any minor children living in their households. Also excluded are employees of Defendant, their spouses, and any minor children living in their households. Also excluded are Class counsel and their employees, their spouses, and any minor children living in their households.

21. The unlawful actions of Defendant entitles Plaintiff and each Class Member to actual and statutory damages as well as injunctive relief.

22. The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

23. Plaintiff will fairly and adequately protect the interests of each Class Member and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates her duties to each of the Classes under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

24. Plaintiff is asserting claims that are typical of the claims of each Class Member she seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from each Class Member she seeks to represent in the same manner—and utilizing the same method—as Defendant utilized against Plaintiff. All claims alleged on behalf of each of the Classes flow from this conduct. Further, there is no conflict between Plaintiff and Class Members with respect to this action.

25. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common to all Class Members, and such common issues of law and fact predominate over any

questions affecting only individual Class Members. Issues of law and fact common to members of the FDCPA class include, but are not limited to, the following:

    a.    Whether Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

    b.    Whether Plaintiff is a "consumer" as that term is defined by the Fair Debt Collection Practices Act;

    c.    Whether the debt that Defendant sought to collect was a "consumer debt" as defined by the Fair Debt Collection Practices Act;

    d.    Whether Defendant violated 15 U.S.C.A. § 1692e(2)(A) by making a false representation regarding the character, amount, or legal status of the Debt;

    e.    Whether Defendant violated 15 U.S.C.A. § 1692e(2)(B) by making a false representation regarding any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;

    f.    Whether Defendant violated 15 U.S.C.A. § 1692e(10) when it used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer;

    g.    Whether Defendant violated 15 U.S.C.A. § 1692f(1) when it attempted to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) which was not expressly authorized by the agreement creating the debt or permitted by law;

    h.    Whether Defendant is liable for damages and the amount of such damages; and

    i.    Whether Plaintiff and FDCPA Class members are entitled to an award of attorneys' fees and costs.

26.    Issues of law and fact common to members of the TDCA class include, but are not limited to, the following:

    a.    Whether Defendant is a "debt collector" as that term is defined by the TEX. FIN. CODE § 392.001(6);

    b.    Whether Plaintiff is a "consumer" as defined by the TEX. FIN. CODE § 392.001(1);

    c.    Whether the debt that Defendant sought to collect was a "consumer debt" as defined by the TEX. FIN. CODE § 392.001(2);

    d.    Whether Defendant violated TEX. FIN. CODE § 392.304(12) by "representing that a consumer debt may be increased by the addition of . . . service fees . . . if a written contract or statute does not authorize the additional fees or charges;"

    e.    Whether Defendant is liable for damages and the amount of such damages;

    f.    Whether Plaintiff and Class Members are entitled to seek an injunction against Defendants to prevent or restrain further violations of the TDCA; and

    g.    Whether Defendant directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief.

27.     The relief sought by each Class Member is common to the entirety of each respective class.

28.     Defendant has acted on grounds generally applicable to each member of each of the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole.

29.     For each of the Classes, this action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendant.

30.     This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

31. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

   a. significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

   b. the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

   c. without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

   d. class treatment is required for optimal deterrence;

   e. despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

   f. no unusual difficulties are likely to be encountered in the management of this class action;

   g. absent a class action, Defendant's illegal conduct will go unremedied and uncorrected; and

   h. absent a class action, the Class Members will not receive compensation and will continue to be subjected to Defendant's illegal conduct.

32. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of each of the Classes, and result in judicial consistency.

## VI.  CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. The acts of Defendant constitute violations of the FDCPA.  *See* 15 U.S.C. § 1692 *et seq*.

35. Defendant is a debt collector as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

36. Plaintiff is a consumer as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(3).

37. The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(5).

38. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant used a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation regarding the character, amount, or legal status of the Debt.

40. Defendant violated 15 U.S.C. § 1692e(2)(B) by making a false representation regarding any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

41. Defendant violated 15 U.S.C. § 1692(f)(1) of the FDCPA by attempting to collect a fee that was not expressly authorized by the agreement creating the debt or permitted by law. Defendant violated said section by stating in its December 18, 2015 letter that certain types of payments are subject to a convenience fee of $9.50.

42. Congress enacted the FDCPA to prevent real harm. Under the FDCPA, the Plaintiff has a statutory right to truthful information concerning the debt-collection process. The harm that Plaintiff has alleged is exactly the harm Congress targeted by enacting the FDCPA: false information relating to the impermissible fee. Congress "elevat[ed]" these "concrete, *de facto*" informational injuries "to the status of legally cognizable injuries." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

43. Defendant's notice harmed Plaintiff by causing the very harm that Congress sought to prevent – informational injury under the FDCPA.

44. As a result of Defendant's violations of 15 U.S.C. § 1692 *et seq.*, Plaintiff and FDCPA Class members are entitled to statutory damages.

45. Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT,
## TEX. FIN. CODE § 392.001, et seq.

46. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. The acts of Defendant constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq.*

48. Defendant is a "debt collector" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(6).

49. Plaintiff is a "consumer" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

50. The debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

51. TEX. FIN. CODE § 392.303(2) states, in pertinent part, that a debt collector is prohibited from collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

52. Defendant's conduct violated TEX. FIN. CODE § 392.303(2) in that Defendant attempted to collect a fee that is not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer. The Texas Legislature enacted the TDCA to prevent real harm. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers. Defendant's notice harmed Plaintiff by causing the very harm that the Texas Legislature sought to prevent – informational injury under the TDCA.

53. As a result of Defendant's violations of the TDCA, Plaintiff and Class Members are entitled to and do seek an injunction against Defendant to prevent or restrain further violations.[1]

54. Defendant's described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages and reasonable attorneys' fees and costs, declaratory relief, injunctive relief and other legal and equitable relief pleaded herein.

## VII.  VICARIOUS LIABILITY

---

[1] Texas Finance Code § 392.403(1).

**ORIGINAL CLASS ACTION COMPLAINT**

55. At all times relevant hereto, the individual debt collectors who contacted or attempted to contact Plaintiff and the Class Members were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant is liable for their actions, inactions, and conduct which violated the FDCPA and the TDCA and proximately caused damages to Plaintiff and Class Members as described herein.

## VIII. JURY REQUEST

Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

a) Entering an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).
b) Declaring:
    a. Defendant's actions violated the FDCPA and
    b. Defendant's actions violated the TDCA;
c) Enjoining Defendant from committing further violations of the TDCA and the FDCPA;
d) Awarding Plaintiff and Class Members actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
e) Awarding Plaintiff and Class Members statutory damages and penalties under the FDCPA;
f) Awarding Plaintiff and Class Members actual and statutory damages and penalties under the TDCA;
g) Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant; and
h) Granting such other relief that equity and the law deems appropriate.

Dated:  December 13, 2016             Respectfully submitted,

By: /s/ Walt D. Roper
**THE ROPER FIRM, P.C.**
Walt D. Roper
State Bar No. 00786208
3001 Knox Street
Suite 405
Dallas, Texas 75205
214.420.4520
214.856.8480 - Facsimile
walt@roperfirm.com

Yitzchak Zelman
NJ State Bar No 015872012
**MARCUS & ZELMAN, LLC**
1500 Allaire Avenue
Suite 101
Ocean, NJ 07712
732.695.3282
732.298.6256 - Facsimile
yzelman@marcuszelman.com
(Northern District Application Pending)

**ATTORNEY FOR PLAINTIFF**